United States District Court
Southern District of Texas

**ENTERED**

May 12, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LESLIE DZORVAKPOR, Plaintiff, | § § § § | CIVIL ACTION NUMBER 4:25-cv-03054 |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| FUJIFILM DIOSYNTH BIOTECHNOLOGIES and FUJIFILM NORTH AMERICA CORPORATION, Defendants. | § § § § § | |

**ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION**

Plaintiff Leslie Dzorvakpor proceeds here *pro se*. He filed a complaint against his former employer under Title VII to recover for alleged discrimination based on race, sex, and national origin. Dkt 12 (amended complaint). Defendants Fujifilm Diosynth Biotechnologies, and Fujifilm North America Corporation, filed a motion to dismiss, asserting that the claims are barred by the statute of limitations and fail to state a claim upon which relief may be granted. Dkt 21.

The matter was referred for disposition to Magistrate Judge Peter Bray. Dkt 3. He issued a Memorandum and Recommendation recommending that Defendants' motion to dismiss be granted because Plaintiff's claims are time barred. Dkt 33.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other

portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Plaintiff filed objections. Dkt 34. He objects to the characterization of his complaint as being (i) "sparse on facts," (ii) lacking "facial plausibility," (iii) failing to "state a claim upon which relief can be granted." Id at 1–2. He further objects to the recommendation that (iv) equitable tolling shouldn't apply. Id at 2.

Upon *de novo* review and determination, Plaintiff's objections lack merit. Only the fourth objection regarding equitable tolling has any relevance to the determination that Plaintiff's claims are time barred. The Magistrate Judge correctly concluded that Plaintiff hadn't pleaded any facts suggesting the narrow equitable tolling exception should apply here. Dkt 33 at 3–4.

The objections fail to otherwise demonstrate legal error on the part of the Magistrate Judge.

The objections by Plaintiff to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 34.

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 33.

The motion by Defendants to dismiss is GRANTED. Dkt 21.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on ___May 12, 2026___, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge